**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

EILEEN C. ZORC                   9925-0
ANDREA LUX MIYASHITA   10892-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Telephone:  (808) 536-4900
Facsimile:  (808) 536-6700
Email:  ezorc@marrjones.com
Email:  amiyashita@marrjones.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY K. WILSON,<br><br>          Plaintiff,<br><br>   vs.<br><br>HMS HOST CORPORATION, AUTOGRILL GROUP, INC., JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>          Defendants. | CIVIL NO. _____<br><br>DEFENDANTS' **NOTICE OF REMOVAL TO FEDERAL COURT**; DECLARATION OF EILEEN C. ZORC; EXHIBITS "1"-"2"; DECLARATION OF VERDENE ALLEN; CERTIFICATE OF SERVICE<br><br>No trial date. |

**DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT**

1250735

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1441(a) & (b), Defendants HMS Host Corporation[1] (individually "HMS Host") and Autogrill Group, Inc. (collectively "Defendants") remove this action filed by Plaintiff Mary K. Wilson ("Plaintiff") from the Circuit Court for the First Circuit, State of Hawai'i, where it is currently pending, to the United States District Court for District of Hawai'i, based on diversity jurisdiction. This Court has original jurisdiction over this action because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. As grounds for removal, HMS states:

1. On May 6, 2020, Defendant was served with a copy of Plaintiff's Complaint styled *Mary K. Wilson v. HMS Host Corporation; Autogrill Group, Inc.,* Case No. 1CCV-19-0002097, pending in the Circuit Court for the First Circuit, State of Hawai'i.  A copy of the Summons and Complaint is attached hereto as <u>Exhibit 1</u>.

2. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and all procedures pursuant to 28 U.S.C. § 1446 have been followed.

3. No other process, pleadings, and/or orders have been served upon Defendants in this case.

---

[1] This Defendant's correct name is HMSHost Corporation.  HMSHost Corporation was formerly known as Autogrill Group, Inc.

4. Defendants filed their Answer in the state court action on May 26, 2020. A true and correct copy of Defendant's Answer is attached as Exhibit 2.

5. This court has original jurisdiction over this claim because complete diversity exists between the parties and the "amount in controversy" exceeds $75,000, exclusive of interests and costs.

## DIVERSITY OF CITIZENSHIP

6. Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff is a resident of the City and County of Honolulu, State of Hawai'i. *See* Ex. 1 (Compl. at p. 2, ¶1). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of Hawai'i.

7. Defendants' Citizenship. Defendant HMS Host (formerly known as Autogrill Group, Inc.) is a citizen of the states of Delaware and Maryland. *See* Declaration of Verdene Allen ("Allen Decl.") at ¶¶4-5. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally

3

be the place where the corporation maintains its headquarters." *Id.* "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193.

8. HMS Host (formerly known as Autogrill Group, Inc.) is a corporation formed in and incorporated under the laws of the State of Delaware. *See* Allen Decl. at ¶ 4. Pursuant to the *Hertz* nerve center test, HMS Host has its principal place of business in Maryland. *Id.* at ¶ 5. HMS Host's headquarters are located at 6905 Rockledge Drive # 1, Bethesda, Maryland 20817-7826, which is where the majority of its officers direct, control, and coordinate the corporation's activities. *See id.* at ¶ 6; *see also* 28 U.S.C. § 1332(c); *Hertz*, 130 S. Ct. at 1192-93. Autogrill Group Inc. did not exist at any time during Plaintiff's employment with Host International, Inc. *See* Allen Decl. at ¶ 5.

9. <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants, 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

**AMOUNT IN CONTROVERSY**

10. Without conceding that Plaintiff is entitled to or could recover damages in any amount, the amount in controversy exceeds $75,000, exclusive of

interest and costs.  *See* 28 U.S.C. § 1332.

11. "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Ninth Circuit "appl[ies] a preponderance of the evidence standard." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted).  "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1202-05 (E.D. Cal. 2008) (quoting *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994)). "If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties.  The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002) (citation omitted).  "[S]ummary judgment-type evidence" may be considered during removal.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Wage loss damages are calculated for removal by assessing monthly wages from termination to removal.  *See Simmons*, 209 F.Supp.2d at 1032 (calculating amount in controversy in a state law racial discrimination and retaliation case).

12. In the instant case, Plaintiff does not pray for a specific amount. However, Plaintiff's alleged damages, if proven, exceed the $75,000 jurisdictional

5

limit, exclusive of costs and interest. Plaintiff alleges, among other things, that she "has suffered mental anguish, outrage, depression, severe anxiety", "painful embarrassment", and has sustained a "loss of enjoyment of the ordinary pleasures of everyday life." See Ex. 1 (Compl., p. 5, ¶ 16). Plaintiff prays for general damages, special damages (including back pay, front pay and other expenses), punitive damages, and attorney's fees and costs. See Ex. 1 (Compl., p. 6).

13. Plaintiff contends that her employment was terminated on July 7, 2019. *See* Ex. 1 (Compl. at pp. 4, 6 ¶¶10(D) &(E), 12, 20). Therefore, it has been approximately 10 months since Plaintiff's termination, and trial of this matter is not anticipated until likely July 2021 or after. At the time of her termination, Plaintiff earned approximately $1,863.42 per month. *See* Allen Decl. at ¶ 7. Without conceding Plaintiff is entitled to any wage loss damages, and assuming Plaintiff claims she has been unable to obtain other employment since July 7, 2019, Plaintiff's alleged past wage loss alone will amount to approximately $44,722.08 through the anticipated trial date of July 2021 ($1,863.42 per month x 24 months).

14. Further, when the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff has sought attorneys' fees in the Complaint which are permitted by Hawaiʻi Revised Statutes ch. 378. Defendant anticipates that in

addition to having already prepared the Complaint, Plaintiff's attorneys in this case will have to engage in the following activities to litigate this matter: preparing Plaintiff for her deposition, defending Plaintiff's deposition, preparing written discovery, responding to written discovery, preparing for depositions of defense witnesses, taking depositions of defense witnesses, and opposing a motion for summary judgment or partial summary judgment. *See* Declaration of Eileen C. Zorc Decl. ("Zorc Decl.") at ¶ 4. Attorneys' fees should, therefore, be included in analyzing the amount in controversy, if needed.

        15.    Although HMS does not acknowledge Plaintiff is entitled to any recovery as all amounts are in dispute, the above facts establish by a preponderance of the evidence that HMS satisfies the amount in controversy requirement and that diversity jurisdiction exists.  28 U.S.C. § 1332 (a); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (discussing legal standard); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753 (E.D. Cal. 2007) (it was facially apparent that plaintiff's pregnancy discrimination claim under FEHA met the requisite amount in controversy where damages sought included back pay, emotional distress damages, punitive damages, and attorney's fees); *Yong v. Hyatt Regency Sacramento*, 2007 U.S. Dist. LEXIS 9492 (E.D. Cal. 2007) ("[a]lthough the amount in controversy is not facially apparent, it is clear from the nature of Yong's claims for compensatory damages, emotional distress damages,

punitive damages, and attorneys' fees that the action seeks relief well above the amount in controversy requirement").

### NOTICE

16. The undersigned counsel certifies that Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court for the First Circuit, State of Hawai'i, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

17. This Notice of Removal is filed in the United States District Court for the district in which the case is pending.

**WHEREFORE**, Defendants HMS Host Corporation and Autogrill Group, Inc. respectfully request that this action be removed to the United States District Court for the District of Hawai'i; this Court exercise its subject matter jurisdiction over this action; and grant such other and further relief as it deems just and proper.

DATED: Honolulu, Hawai'i, June 5, 2020.

/s/ Eileen C. Zorc
EILEEN C. ZORC
ANDREA LUX MIYASHITA

Attorneys for Defendants
HMS Host