CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Mary K. Wilson

**Electronically Filed
FIRST CIRCUIT
1CCV-19-0002097
06-NOV-2019
10:32 AM**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MARY K. WILSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>HMS HOST CORPORATION, AUTOGRILL GROUP, INC., JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>          Defendants. | CIVIL NO. _____<br>(Other Civil Action)<br><br>COMPLAINT; SUMMONS |

### COMPLAINT

COMES NOW, Plaintiff MARY K. WILSON, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:

**Exhibit 1**

## FACTS

1. Plaintiff MARY K. WILSON (hereinafter "WILSON") is and was at all times mentioned herein a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant HMS HOST CORPORATION (hereinafter "HMS") is a foreign profit corporation incorporated in the State of Delaware with a principal place of business in the City and County of Honolulu, State of Hawaii.

3. Defendant AUTOGRILL GROUP, INC.,(hereinafter "AUTOGRILL") is a foreign profit corporation incorporated in the State of Delaware with a principal place of business in the City and County of Honolulu, State of Hawaii.

4. The Defendants named in this Complaint under the names of JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5 and DOE GOVERNMENTAL AGENCIES 1-5 (hereinafter "DOE DEFENDANTS") are persons, organizations or entities whose identities at the present time are unknown to Plaintiff despite the exercise of due diligence. They are sued in this Complaint under fictitious names. Investigation as to the true identities was conducted by Plaintiff. Investigation as to the identity of DOE DEFENDANTS continues and Plaintiff is informed and believes and thereupon alleges that direct or indirect conduct of these other Defendants, presently unknown to Plaintiff, was or may have been a proximate cause of the incident complained of and/or the damage or loss thereby sustained by Plaintiff as a result of which all Defendants, unidentified and identified, may be legally, jointly, and severally liable to

Plaintiff for the said losses sustained, inasmuch as the conduct of each Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.

5. Plaintiff was hired by named Defendants on March 27, 2019, as a Barista.

6. The last incident of discrimination by Defendants was on July 7, 2019.

7. Plaintiff filed a Charge of Discrimination with the Hawai`i Civil Rights Commission (HCRC) which was assigned FEPA No. 20764.

8. On August 7, 2019, the HCRC issued a Notice of Dismissal and Right to Sue letter. Therefore Plaintiff has exhausted her administrative remedies.

9. The Charge of Discrimination to the HCRC alleged discrimination due to race (White), color (pale skin), and sex (female).

10. Plaintiff alleges the following facts in support of her claims herein:

    A. Plaintiff was hired by named Defendants on March 27, 2019, as a Barista.

    B. During Plaintiff's employment with named Defendants, Plaintiff was subjected to continuous physical assault and hostile communications and actions by her non-White, darker skinned co-workers which included supervisors and management personnel.

    C. Plaintiff has been harassed with false and unfounded accusations about her work performance, and has been

       intentionally stomped on her feet, punched and hit on her back, arm, shoulder and leg, causing Plaintiff physical injury.

D. The last incident occurred on July 7, 2019, when one of Plaintiff's co-workers named Deseryn physically assaulted Plaintiff after Plaintiff objected to her speaking to Plaintiff in a disrespectful manner.

E. Subsequently, Defendants management took away Plaintiff's I.D. Badge and sent Plaintiff home from work.

F. Plaintiff is aware that Deseryn was allowed to complete her 8 hour work shift.

G. Plaintiff's co-workers have not been treated in the same discriminatory manner as Plaintiff.

H. Plaintiff was fully qualified to perform the job functions of being a Barista.

I. If not for Plaintiff's race and skin color, Plaintiff would not have been subjected to discrimination by named Defendants.

### COUNT I
### VIOLATION OF DISCRIMINATION LAWS

11. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

12. The actions of Defendant's agents and employees were in violation of Hawaii Revised Statutes § 378-2 and 378-2(2) in that Plaintiff was terminated, and suffered discrimination in terms, conditions, and privileges of her employment due to her race and color.

13. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of Hawaii Revised Statutes § 378-2 and 378-2(2).

14. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

15. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

16. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II

### HOSTILE WORK ENVIRONMENT

17. Plaintiff repeats and realleges all prior allegations as if set further fully herein.

18. Plaintiff alleges that the acts alleged herein created a hostile work environment based upon discrimination for which

she is entitled to an award of all damages to which she is entitled in an amount to be proven at trial.

## COUNT III

### RETALIATION

19. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

20. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein in violation of Hawaii Revised Statutes § 378-2(2) for which Plaintiff is entitled to an award of damages to be proven at trial.

21. Plaintiff alleges the actions of Defendants were malicious and intentional discrimination for which an award of punitive damages is appropriate.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

- A. For reinstatement to her position with named Defendants with all benefits; and
- B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and
- C. For special damages, including back pay, front pay and other expenses; and
- D. For punitive damages; and
- E. For attorney's fees, costs, and interest, including prejudgment interest; and

F.  For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED:  Honolulu, Hawaii, November 6, 2019.

                                              /s/ Charles H. Brower
                                              CHARLES H. BROWER
                                              MICHAEL P. HEALY
                                              Attorneys for Plaintiff
                                              Mary K. Wilson

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| MARY K. WILSON, | ) | CIVIL NO. _____ |
| | ) | (Other Civil Action) |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| HMS HOST CORPORATION, AUTOGRILL GROUP, INC., JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

TO THE DEFENDANTS:

    You are hereby summoned and required to file with the Court and to serve upon plaintiff's attorneys, whose addresses are stated above, an answer to the complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

    If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE DISTRICT OR CIRCUIT COURTS PERMITS, IN WRITING ON THE SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.
FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF A DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED.

    DATED:  Honolulu, Hawaii, _____.

 

                                                                _____
                                                                 CLERK OF THE COURT